UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 4:24-CR-130 |
| v. : | |
| : | (C.J. BRANN) |
| ANDREW ENSANIAN, : | |
| Defendant : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

I.  INTRODUCTION

Defendant Andrew Ensanian purchased human parts stolen by Angelo Pereyra from the hospital where Pereyra worked, most egregiously the bodies of babies who had died before or during childbirth. The parents entrusted the hospital to properly lay them to rest. Instead, Pereyra, at Ensanian's urging, stole and sold the bodies of dead children to Ensanian for collection or further sale in this horrifying market of human remains. Ensanian's conduct shocks the conscience.

The United States respectfully recommends that the Court impose a sentence of imprisonment of 5 months.

II.  FACTUAL AND PROCEDURAL BACKGROUND

1

Andrew Ensanian was a resident of Montgomery, Pennsylvania, in Lycoming County, in the Middle District of Pennsylvania. PSR ¶ 8. He met Angelo Pereyra, who was employed by Wesley Hospital in Wichita, Kansas, in the Pathology Department through eBay and communicated with him via Facebook Messenger. Between May 2018 and July 2022, Pereyra stole human remains from his employer hospital and sold them to Ensanian. PSR ¶ 9. Pereyra shipped the human parts and fetal corpses via U.S. Post, and payment was sent electronically via PayPal. Ensanian purchased numerous so-called "wet specimens" from Pereyra. Facebook communications establish that Pereyra sold multiple fetal corpses to Ensanian, as well as a partial foot, a human heart, slices of liver, brain, and kidneys, a spleen, a foot, intestine pieces, a testicle, a jar of toes, skin, and fat, dried toes, and miscellaneous other organs. PSR¶ 10, 11. The transactions totaled over $5,000 in the aggregate.

On May 15, 2024, an Information was filed, charging Ensanian with Interstate Transportation of Stolen Goods in violation of 18 U.S.C. § 2314. (Doc. 1).

On June 24, 2024, Ensanian pled guilty to the Information

pursuant to a plea agreement with the government.  PSR ¶ 2.

### III.  PROCEDURE

Pursuant to *United States v. Booker*, 543 U.S. 220 (2005), which rendered the United States Sentencing Commission Guidelines Manual ("USSG") advisory, the Court of Appeals set forth a three-step process when imposing a sentence:

1. Courts must continue to calculate a defendant's USSG sentence, regardless of *Booker*;

2. In doing so, they must formally rule on the motions of both parties, state on the record whether the Court is granting a departure and how that departure affects the USSG calculation, and consider pre-*Booker* case law, which continues to have advisory force; and

3. Courts are required to exercise their discretion by considering the relevant factors set forth in Title 18, United States Code, Section 3553(a), when imposing a sentence, regardless of whether it varies from the sentence calculated under the USSG.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

As of November 1, 2025, the Sentencing Commission simplified the Guidelines by removing step two of the three-step sentencing process. As amended, the Guidelines now provide a two-step sentencing process.

### A. Sentencing Guidelines Calculation

The government recommends a total offense level of 4 and Criminal History Category of I for an advisory range of 0 to 6 months of imprisonment and anticipates that will be the advisory range determined at sentencing.

The United States acknowledges the Court's Memorandum and Opinion of August 24, 2024, in *United States v. Pauley*, 4:23-CR-163, regarding the issue of loss in view of *United States v. Banks,* 55F.4th 246, 256 (3d Cir. 2022), but incorporates the arguments set forth in its Brief in Opposition filed in that case (Doc. 35) and formally objects to that paragraph of the PSR. Had the loss calculation been included, the offense level would have increased by two levels under §2B1.1(b)(1) of the Guidelines.

### B. Assessment of Relevant § 3553(a) Sentencing Factors

The final step in the sentencing process is for the Court to consider all applicable factors set forth in Title 18, United States Code, § 3553(a) when fashioning an appropriate, individualized sentence.

The facts discussed above speak to the especially heinous and egregious nature and circumstances of the offense conduct in this case. The Facebook messages sent between Pereyra and Ensanian are horrifying, featuring photographs of tiny human corpses.  Pereyra and Ensanian casually discuss the babies' gestational ages and preferred packaging strategies – wanting to use enough liquid to prevent wrinkling of the skin without alarming the postal services. Then they put price tags on the small bodies of these lost souls.  An incarcerative sentence is necessary to honestly reflect the seriousness of this offense, to promote respect for the law, and to provide just punishment.

Given the widespread nature of this offense, the need for deterrence is paramount.  This investigation has uncovered a secretive, nationwide market for human remains, most of which are stolen.  In this case, positive evidence of the thefts was uncovered, and so the perpetrators can be held accountable.  But most such transactions occur in the shadows, and the sources of the remains are undisclosed.

Despite knowing that "wet specimens" and fetal corpses cannot be obtained legally, the down-market trade cannot be prosecuted as it is in this case without proof that the items are stolen. Thus, it is vital that, in a case where the evidence proves conclusively that the remains were stolen, a message must be sent to this "oddities" community, that the United States does not tolerate the theft and sale of human remains. This dark trade must end.

It is no exaggeration to describe the twisted conduct in this case as a human rights violation, a desecration of societal norms and long-held human notions of right and wrong. This practice violates the human dignity of the deceased and inflicts suffering on their loved ones.

"The notion that the bodies of the dead and their human remains deserve respect and a dignified treatment is common to and deeply embedded within different societal, religious, and cultural traditions. Legal protections governing the treatment of dead bodies have long been established within international humanitarian law, international criminal law, human rights law, and domestic laws. . . . The treatment of dead bodies is also of concern to international criminal law, which prohibits the mutilation of the dead. Violation of the bodies of the dead

6

is increasingly recognized as an element of crime, as an attack on personal dignity." United Nations Office of the High Commissioner for Human Rights, Special Rapporteur, Apr. 25, 2024.[1]

The conduct in this case strikes to the heart of one of the quintessential human experiences – death and the grieving process. When humans die, their loved ones frequently find solace in the peace they hope we find in death. The theft and sale of these remains for profit is a violation of any notion of peace for the dead and those who love them, and shatters any sense of security they might have felt in the belief that their loved ones are treated with dignity and respect in their final disposition.

Here, the Government's recommendation of a relatively short sentence of imprisonment is crafted, in part, based on Ensanian's lack of criminal history and other mitigating factors outlined in the PSR. In making its recommendation, the government is also mindful of the relative culpability of all of the defendants who engaged in similar

---

[1] Available at https://www.ohchr.org/en/calls-for-input/2024/call-input-protection-dead-persons-and-their-human-remains-including-victims, last visited Dec. 20, 2024.

7

conduct in this and other cases related to Ensanian's. Several mitigating factors have led the government to assess Ensanian's culpability as lower than the median remains-trafficking defendant. Ensanian did not himself steal human remains, nor did the evidence suggest that he profited in any substantial way from the further sale of some remains he purchased. The Government deems Ensanian's culpability as lower than most, if not all, of the other defendants prosecuted within this and related cases.

## V. Conclusion

Accordingly, the United States respectfully requests that the Court impose a sentence of 5 months' imprisonment and two years of supervised release.

December 9, 2025                                  Respectfully submitted,

                                                      BRIAN D. MILLER
                                                      United States Attorney

                                  By:   /s/ Alisan V. Martin
                                        ALISAN V. MARTIN
                                          Assistant United States Attorney
                                          Attorney I.D. No. PA 316757
                                          United States Attorney's Office

                                        240 West Third Street, Suite 316
                                        Williamsport, PA  17701
                                        Telephone:  570-326-1935
                                        Email:  Alisan.Martin@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 4:24-CR-130 |
| v. : | |
| : | (C.J. BRANN) |
| ANDREW ENSANIAN, : | |
| Defendant : | |

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this Thursday, December 11, 2025, she served a copy of the attached

### GOVERNMENT'S SENTENCING MEMORANDUM

by electronic means to:
<u>Addressee</u>:
Donald F. Martino, Esquire

Dated: December 11, 2025        /s/ Alisan V. Martin
                                                    ALISAN V. MARTIN
                                                    Assistant United States Attorney